Ownes-L v. Poe 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-060-CV

Â Â Â Â Â LYNN OWENS, INDIVIDUALLY, ET AL.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â W.A. POE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 93-00-03805-CV
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Lynn Owens attempts to appeal from an order denying his motion to recuse the presiding
judge of the 13th District Court. See Tex. R. Civ. P. 18a(a). After Owens filed a "Verified
Demand for Recusal Notice and Caveat," the court referred the request to the Presiding Judge for
the Third Administrative Judicial Region, who designated a judge to hear the motion. See id.
18(d). The designated judge denied the motion on February 17, 1995. Owens filed a cost bond
and a notice of appeal specifically stating that he wished to appeal from the order denying the
motion to recuse. 
Â Â Â Â Â Â An order denying a motion to recuse is interlocutory. See Means v. State, 825 S.W.2d 260,
260 (Tex. App.âHouston [1st Dist.] 1992, no pet.). The Rules of Civil Procedure specifically
provide that, "[i]f the motion is denied, it may be reviewed for abuse of discretion on appeal from
the final judgment." Tex. R. Civ. P. 18a(f) (emphasis added). We do not have jurisdiction over
interlocutory orders except for certain enumerated exceptions that do not include a motion to
recuse. See Tex. Civ. Prac. & Rem. Code Ann. Â§Â§ 51.012, 51.014 (Vernon 1986 & Supp.
1995). 
Â Â Â Â Â Â We notified the parties of this defect by a letter from our clerk dated April 4, 1995, allowing
ten days for either party to respond showing grounds for continuing the appeal. See Tex. R. App.
P. 60(a)(2), 83. By an unsigned motion filed April 14, Owens requests ten additional days in
which to respond. He has not shown why he needs the additional time or how the additional time
will aid him in avoiding the plain language of the statute. See Tex. R. Civ. P. 18a(f). His request
for more time is denied. 
Â Â Â Â Â Â Therefore, we dismiss this appeal for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed April 19, 1995
Do not publish 


Nguyen v. Short, How, Frels & Heitz, P.C., 108
S.W.3d 558, 562 (Tex. App.Dallas 2003, pet. denied).Â  Kinnard contends that
the parties tried those issues by consent, or that BrazielÂs suit was not
properly one on a sworn account.Â  Assuming without deciding that Kinnard may
challenge those findings, we hold that the evidence supporting the findings was
factually sufficient.

Â Â Â Â Â  ÂWhen we review factual
sufficiency, we consider and weigh all of the evidence and will set
aside the verdict only if it so against the great weight and preponderance of
the evidence that it is clearly wrong and unjust.ÂÂ  City of Keller v. Wilson, 168 S.W.3d 802, 826 (Tex. 2005) (quoting Carter v. Steverson & Co., 106
S.W.3d 161, 166 (Tex. App.ÂHouston [1st Dist.] 2003, pet. denied)); see In
re C.H., 89 S.W.3d 17, 25 (Tex. 2002); In re KingÂs Estate, 150 Tex. 662, 665, 244 S.W.2d 660, 661 (1951).Â  

Â Â Â Â Â  Kinnard challenges the
sufficiency of the evidence only concerning one piece of equipment, a fryer.Â 
Kinnard points to evidence that he told Braziel that Kinnard intended to
purchase a fryer from someone other than Braziel; that Kinnard did purchase a
fryer from someone else; that Kinnard accepted delivery of the equipment,
including the fryer, as an accommodation to Braziel; and that after Kinnard
rejected the equipment, Braziel did not pick up the equipment, either because
Kinnard said he was buying the equipment, or because the equipment was a
fixture.Â  Braziel points to evidence that Kinnard requested a list of
equipment, for which Braziel quoted a price of $9,075.24, including a fryer;
that Kinnard accepted delivery of the equipment; that Kinnard said, after
delivery, that he was going to pay for the equipment; and that when Kinnard did
not pay, Braziel attempted to pick up the equipment, but Kinnard would not let
Braziel, on the ground that the equipment was a fixture.Â  Considering all of
this evidence, we hold that the evidence supporting the trial courtÂs findings
of fact Nos. 13 through 17 was not contrary to the great weight and
preponderance of the evidence.Â  The evidence supporting those findings was
factually sufficient.

Â Â Â Â Â  Next, Kinnard contends that
the evidence supporting certain of the trial courtÂs findings of fact was
legally insufficient.Â  Kinnard complains of the following finding:

Braziel retained the law firm of Robertson,
Robertson & Silas, Attorneys, L.L.P. to represent them in this suit and
incurred reasonably and necessary attorneyÂs fees and expenses in the amount of
$3,500 through date of trial.

([sic] C.R. at 19.)Â  Kinnard
challenges the sufficiency of the evidence of the amount of reasonable
attorneyÂs fees.

Â Â Â Â Â  ÂA challenge to the legal
sufficiency of the evidence by the party not having the burden of proof at
trial is to be addressed by the reviewing court as a Âno evidenceÂ issue.ÂÂ  Acadian
Geophysical Servs., Inc. v. Cameron, 119 S.W.3d 290, 301 (Tex. App.ÂWaco
2003, no pet.) (quoting Gooch v. Am. Sling Co., 902 S.W.2d 181, 183-84
(Tex. App.ÂFort Worth 1995, no writ)); see Hazlewood Patterson Co. v.
Hancock, No. 10-03-00274-CV, 2004 Tex. App. LEXIS 11314, at *14 (Tex.
App.ÂWaco Dec. 15, 2004, pet. denied) (mem. op.) (attorneyÂs fees); Checker
Bag Co. v. Washington, 27 S.W.3d 625, 640 (Tex. App.ÂWaco 2000, pet.
denied) (attorneyÂs fees).

ÂNo evidenceÂ points must, and may only, be
sustained when the record discloses one of the following situations: (a)Â a
complete absence of evidence of a vital fact; (b)Â the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (c)Â the evidence offered to prove a vital fact is no
more than a mere scintilla; (d)Â the evidence establishes conclusively the
opposite of the vital fact.

City of Keller, 168 S.W.3d at 810 (quoting Robert W. Calvert, ÂNo
EvidenceÂ and ÂInsufficient EvidenceÂ Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)); see
Kroger Tex. Ltd. PÂship v. Suberu, 49 Tex. Sup. Ct. J. 592, 594, 2006 Tex. LEXIS 441, at *9 (Tex. May 5, 2006).Â  ÂThe final test for legal sufficiency
must always be whether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review.ÂÂ  City of Keller at 827.Â  The reviewing Âcourt must consider evidence in the light most
favorable to the verdict, and indulge every reasonable inference that would
supportÂ the verdict.ÂÂ  Id. at 822.Â  Â[L]egal-sufficiency review
.Â .Â . must credit favorable evidence if jurors could, and disregard
contrary evidence unless reasonable jurors could not.ÂÂ  Id. at
827.Â Â Â  

Â Â Â Â Â  BrazielÂs attorney testified
that before the time of the first trial setting, Braziel had ÂexpendedÂ
$2,320.75 in attorneyÂs fees, that $150.00 per hour was a Âreasonable feeÂ for
the work, that he had contracted with Braziel at that rate, and that he had
spent eight or nine hours on the case since the first setting, so that $3,500.00
was Âa reasonable total fee in this case.ÂÂ  (1 R.R. at 59.)Â  Viewing the
evidence in the light most favorable to the trial courtÂs finding, and
crediting that evidence that a reasonable factfinder could, we hold that there
was more than a scintilla of probative evidence of reasonable attorneyÂs fees
in the amount of $3,500.00.Â  The evidence of BrazielÂs attorneyÂs fees was
legally sufficient.

Â Â Â Â Â  We overrule KinnardÂs second
issue.

Â Â Â Â Â  In KinnardÂs third issue, he
contends that the trial court erred in ordering the amount of attorneyÂs fees
and prejudgment interest included in the amount to be paid out of the proceeds
of the lien foreclosure.Â  Braziel agrees.Â  We sustain KinnardÂs third issue.

Â Â Â Â Â  Having
overruled KinnardÂs first and second issues and sustained his third issue, we
modify the judgment as prayed for by Kinnard and affirm the judgment as so
modified.

TOM GRAY

Chief Justice




Before Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice Reyna

Modified and affirmed as modified

Opinion delivered and filed February 14, 2007

[CV06]

Â